UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X          17-CV-4398 (GRB)(ST)
ANTONIO CRUZ

                                                           Plaintiff,          **PROPOSED JOINT PRE-**
                    -against-                                                 **TRIAL ORDER**

COUNTY OF SUFFOLK, POLICE OFFICER FRANK
FILIBERTO Shield #5238, POLICE OFFICER JOHN
DOE #1, and POLICE OFFICER JOHN DOE #2

                                                         Defendants.
------------------------------------------------------------------------ X

       Plaintiff, Antonio Cruz and Defendants County of Suffolk and Frank Filiberto, through their respective counsel, have conferred among themselves and with the Court, and, pursuant to this Court's Individual Practice Rules, the Court hereby adopts this Join Pretrial order.

## ATTORNEYS

(a)    <u>For the Plaintiff</u>

        Charles H. Horn
        Pablo A. Fernandez
        The Russell Friedman Law Group LLP.
        400 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel.: 516-355-9649
        Fax.: 516-355-9695
        E-Mail: chorn@rfriedmanlaw.com

(b)    <u>For County Defendants</u>

        Dennis M. Cohen
        Suffolk County Attorney
        By:    Arlene S. Zwilling, Esq.
                Deputy County Attorney
        P.O. Box 6100
        H. Lee Dennison Building-Fifth Floor
        100 Veterans Memorial Highway
        Hauppauge, New York 11788
        Tel.:    631-853-4049
        Fax:    631-853-5833
        E-Mail: arlene.zwilling@suffolkcountyny.gov

Case 2:17-cv-04398-GRB-ST   Document 70   Filed 02/01/22   Page 2 of 8 PageID #: 165

I.   **BASIS FOR SUBJECT MATTER JURISDICTION**

Subject matter jurisdiction exists based upon the presence of a federal question arising from 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendment to the United States Constitution.

Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

II.   **CLAIMS AND DEFENSES**

Plaintiff instituted this action with the filing of a complaint with the United States District Court, Eastern District of New York, on July 25, 2017. Plaintiff seeks to hold Defendants County of Suffolk and Police Officer Frank Filiberto liable for the violation of Plaintiff's rights pursuant to:

- 42 U.S.C. §1983 Excessive Force,
- State Law Assault and Battery,

**DEFENSES**

That the complaint fails to state a claim upon which relief can be granted.

2. That the damages sustained by plaintiff, if any, were caused by the plaintiffs' own culpable and/or negligent conduct.

3. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

4. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

5. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiffs' constitutional rights.

2

6. That the doctrines of respondeat superior and vicarious liability do not apply to a civil rights claim.

7. That municipal defendants are not liable for punitive damage awards.

8. That defendants' actions, if any, were justified by the facts and circumstances presented.

9. That the arrest and/or detention, if any, were reasonable and based upon probable cause to believe that the plaintiff had committed a crime and/or offense.

10. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

11. That defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

12. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

13. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

14. That this action is barred by the doctrines of qualified and/or absolute governmental immunity for discretionary acts.

### III. JURY TRIAL AND LENGTH

The claims will be tried by jury. It is anticipated that trial should take 2 weeks.

### IV. STIPULATIONS

None

### V. FACT WITNESS

#### a. Plaintiff's Witnesses

1. Antonio Cruz (live)

2. Manuela Diaz (live)

3

3. Lauden Hendricks (live)

4. Brian Ruggiero (live)

5. Ryan Catizone (live)

6. Devin Grossman, DE (live)

7. Greg Singer (live)

8. Edgar Lerias, MD (live)

9. Patrick Sibony (live)

10. Tejwant Bindra, DO (live)

11. Frank Filiberto (live, adverse)

12. Anthony Lemquist (live, adverse)

13. James Adler (live, adverse)

14. William Schneider (live, adverse)

15. John Ferrel (live, adverse)

### b. Defense Witnesses

In addition to the persons listed as plaintiff's witnesses, defendants intend to call the following persons as witnesses:

1. Robert Lehman
2. Kevin Williams
3. Ronald Breur
4. Anthony Motto
5. Antoinette Visiano
6. Carol Balducci
7. Stephanie Balducci
8. Representative of Suffolk County Police Department Communications Bureau (to authenticate recordings)

4

      9.      Representative of South Oaks Hospital (to authenticate records)

It is defendants' present intent to have all witnesses testify live.

**Objection**: Plaintiff objects to witnesses designated 1, 2, 3, 4, 5, 6 and 7 on the basis that witnesses' testimony constitutes hearsay, bolstering, relevancy and opinion testimony. Moreover, witnesses may not properly testify as to facts and matters set forth within the Complaint as witnesses were not physically present at the date, time and location of the alleged incident.

## VI.   DEPOSITION TESTIMONY

### Plaintiff's Statement

Plaintiff does not designate any deposition testimony. However, pursuant to Rule 32 of the Federal Rules of Civil Procedure, "Use of Depositions in Court Proceedings," specifically, Rule 32(a)(1) and (2), Plaintiff reserves the right to use any portion of the deposition testimony taken in the instant action.

### County Defendants' Statement

Defendants do not designate any deposition testimony to be used in their case in chief. However, defendants reserve their right to use deposition testimony for impeachment and all other purposes permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

## VII.   EXHIBITS (evidence, impeachment and rebuttal)

Plaintiff reserves the right to utilize any or all of the exhibits identified by County Defendants, regardless of whether County Defendants introduces same into evidence, in addition to the following:

|  | **Description (Bates Number)** | **Objection** |
|---|---|---|
| **PL1** | **Defendants' Answer** | **Irrelevance and confusion** |
| **PL2** | **Defendants' Response to Plaintiff's First Set of Interrogatories** | **Irrelevance and improper impeachment** |
| **PL3** | **Defendants' Response to Plaintiff's First Set of Document Requests** | **Irrelevant, improper impeachment and undue prejudice** |
| **PL4** | **Photos taken by SCPD Plaintiff-000007-16** | |
| **PL5** | **July 11, 2016 Statement of Ryan Catizone** | **Not produced** |
| **PL6** | **July 11, 2016 Statement of Brian Ruggiero** | **Not produced** |
| **PL7** | **July 11, 2016 Statement of Lauden Hendricks** | **Not produced** |

5

| | | |
|---|---|---|
| PL8 | Violation Information | Irrelevance and confusion |
| PL9 | Misdemeanor Information | Irrelevance and confusion |
| PL10 | SCPD Rules and Procedures, Chapter 2, Section 11: Use of Physical Force | Irrelevance, confusion and undue prejudice |
| PL11 | SCPD Rules and Procedures, Chapter 2, Section 12: Use of Force-Use of Firearms and Deadly Physical Force | Irrelevance, confusion and undue prejudice |
| PL12 | SCPD Rules and Procedures, Chapter 2, Section 16: Use of Physical Force-Less Lethal Weapons and Equipment | Irrelevance, confusion and undue prejudice |
| PL13 | Plaintiff's Medical Records (L2534-1-99) | |
| PL14 | Photos taken of Plaintiff's Injuries by Plaintiff | Not produced |
| PL15 | Plaintiff's Mental Health Records Plaintiff-000017-76 | |

**County Defendants list the following Exhibits:**

In addition to those items listed by plaintiff as exhibits, defendants intend to offer the following items as evidence:

| | Description (Bates Number) | Objection |
|---|---|---|
| A | Plaintiff's Notice of Claim | Hearsay, relevancy, prejudice substantially outweighed by its probative effect |
| B | Transcript of plaintiff's hearing pursuant to N.Y GML § 50-h | FRCP 32 and hearsay |
| C | Transcript of Manuela Diaz's hearing pursuant to N.Y. GML § 50-h | FRCP 32 and hearsay |
| D | Plaintiff's medical records from South Oaks Hospital | |
| E | Response to Defendants' First Set of Interrogatories | Hearsay, relevancy and form. |
| F | Suffolk County Police Department Communications Bureau recordings related to incident | Authenticity, hearsay, relevancy, prejudice |

6

| | | substantially outweighed by its probative effect |
|---|---|---|

### VIII. WHETHER OR NOT PARTIES CONSENT TO TRIAL BEFORE A MAGISTRATE

The parties do not consent to a trial before a magistrate.

### RESERVATION OF RIGHTS

Subject to the ruling of this Court, the parties reserve the right to use any relevant and admissible exhibit identified by the Plaintiff and County Defendants in the parties' exhibits lists whether or not the Plaintiffs or County Defendants actually offer such exhibit at the time of trial.

Subject to the ruling of this Court, the parties reserve the right to call any of opposing party's listed witnesses regardless of whether they call him/her or not.

Subject to the ruling of this Court, the parties reserve the right to object to either party's exhibits which have not been provided to either party.

Subject to the ruling of this Court, the parties reserve the right to object to either party's exhibits based on relevancy or other evidentiary grounds.

Subject to the ruling of this Court, the parties reserve the right to offer for evidence any items, information, and documents obtained pursuant to subpoena, provided that opposing counsel be provided with all items, information, and documents obtained pursuant to all subpoenas within three (3) business days of receipt of same.

Subject to the ruling of this Court, the parties reserve the right to amend and to supplement this Joint Pretrial Order.

Dated:    February 1, 2022          Dated: February 1, 2022
          Garden City, New York            Hauppauge, New York

**For Plaintiff:**                    **For County Defendants:**

THE RUSSELL FRIEDMAN LAW GROUP LLP.   DENNIS M. COHEN
                                      Suffolk County Attorney

By:  /S/ Pablo A. Fernandez           By:  /S/ Arlene S. Zwilling
     Pablo A. Fernandez                    Arlene S. Zwilling, Esq.
     Charles Horn                          Deputy County Attorney
     400 Garden City Plaza, Suite 500      H. Lee Dennison Building-5th Floor
     Garden City, New York 11530           100 Veterans Memorial Highway
     Tel.: 516-355-9696                    P.O. Box 6100
                                           Hauppauge, New York 11788
                                           Tel.:   631-853-4049

**SO ORDERED:**

_____
GARY R. BROWN
United State District Court Judge